IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOAN O'MEARA, guardian for CYNTHIA SUSAN O'MEARA, a protected person, et. al., | ) ) ) ) | 8:09CV0157 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| DAVE HEINEMAN, Governor, State of Nebraska, et. al, | ) ) ) | |
| Defendants. | ) | |

The plaintiffs' amended complaint, (filing no. 19), seeks an award of damages against Dave Heineman, Joann Schaefer, M.D., John C. Wyvill, Ron Stegemann, and Clare E. Mahon, in their individual capacities. The plaintiffs have not requested prospective relief.

The defendants have moved to dismiss the amended complaint, (filing no. 20), arguing the defendants are entitled to qualified immunity from suit, and the plaintiffs have failed to allege the specific acts of each defendant allegedly supporting the plaintiffs' claims for recovery.

The defendants have also moved to stay discovery pending a ruling on the motion to dismiss. (Filing No. 22). Defendants argue that unless the plaintiffs' allegations state a claim of violation of clearly established law, "a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." Filing No. 25, at CM/ECF p. 2 (quoting Janis v. Biesheuvel, 428 F.3d 795, 800 (8th Cir. 2005)). The plaintiffs oppose a discovery stay, arguing "discovery may allow the Plaintiffs to gain access to important data exclusively in the Defendants' possession that may help them establish a right to proceed because facts not now known are learned." Filing No. 24, at CM/ECF p. 3, ¶ 7.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if it fails to state a claim upon which relief can be granted.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted).

In reviewing the plaintiffs' amended complaint, the court will assume all the facts alleged by the plaintiffs are true, and based on this assumption, determine if the defendants violated a clearly established constitutional right. The plaintiffs' allegations were, at the time of filing, based upon their counsel's knowledge, information, and belief after an inquiry reasonable under the circumstances. Fed. R. Civ. P. 11(b). In this case, those circumstances include the fact that the plaintiffs are developmentally disabled persons who, through their court-appointed guardians, have filed an 18-page fact-specific complaint alleging violations of their constitutional rights. The court must now decide whether those facts, as alleged, support a claim against the defendants in their individual capacities. That determination should be made by the court before subjecting the defendants to the "burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." Janis, 428 F.3d at 800 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Accordingly,

IT IS ORDERED:

1) The defendants' motion to stay discovery, (filing no. 22), is granted.

2) The deadline for filing the parties' Rule 26(f) Report of Parties' Planning Conference is continued, and the report shall be filed within fourteen calendar days after the court's ruling on the defendants' motion to dismiss.

July 29, 2009.                BY THE COURT:

*Richard G. Kopf*
United States District Judge