IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOAN O'MEARA, guardian for Cynthia Susan O'Meara, a protected person, MARVIN GERDES, husband, guardian for Kimberly Anne Gerdes, a protected person, RUTH A. GERDES, wife, guardian for Kimberly Anne Gerdes, a protected person, ANN MARIE THURMOND, guardian for Robert Nelson Thurmond III, a protected person, BARBARA ANN HYDE, guardian for Denise Lynette Hyde, a protected person, KATHLEEN J. SEILER, guardian for Dawn Renee Bohuslavsky, a protected person, and JUDITH BOTTS, guardian for Julie Helmly, a protected person, Plaintiffs, V. DAVE HEINEMAN, JOAN SCHAEFER, M.D., JOHN C. WYVILL, RON STEGEMANN, and CLARE E. MAHON, Defendants. | 8:09CV157  **MEMORANDUM AND ORDER** |

Defendants have filed a motion to dismiss Plaintiffs' first amended complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (filing 20). The court, having thoroughly reviewed the complaint and briefs submitted, is unable to make a determination as to the merits of the motion. The materials submitted to the court are

unclear, incomplete and, most importantly, fail to adequately address the issues underlying the motion. Accordingly, the court will grant the parties additional time in which to properly and completely brief the relevant law as it pertains to the motion at hand.

The court directs the parties' attention to the following deficiencies in the materials submitted to the court.

1. Defendants maintain that dismissal of Plaintiffs' complaint is appropriate under Fed. R. Civ. P. 12(b)(1). (Filing 21, Defs' Br. Supp. Mot. Dismiss, at CM/ECF p. 1.) However, nowhere in their briefs do Defendants directly discuss why this court allegedly lacks subject matter jurisdiction (filings 21 and 28).

2. The primary basis for Defendants' motion to dismiss is on the ground of qualified immunity. (Filing 21, Defs' Br. Supp. Mot. Dismiss, at CM/ECF p. 3-6.) Qualified immunity shields governmental officials sued in their individual capacities from personal liability if their actions, even if unlawful, were nevertheless objectively reasonable in light of the clearly established law at the time of the events in question. *Anderson v. Creighton,* 483 U.S. 635, 638-41 (1987). The court focuses on two questions to determine whether an official is entitled to qualified immunity. "The threshold question is whether the plaintiff has alleged the violation of a constitutional right." *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir.1997). If the plaintiff meets this standard, the court then determines whether that right was "clearly established" at the time of the alleged violation. *Id.*

Defendants apparently contend that Plaintiffs' first amended complaint fails to sufficiently allege a violation of a constitutional right and, thus, pursuant to step-one of the qualified immunity analysis, Defendants are immune from suit in their individual capacities. (Filing 21, Defs' Br. Supp. Mot. Dismiss, at CM/ECF p. 3-6.) However, Defendants' briefing fails to identify the constitutional violations alleged

by Plaintiffs and fails to discuss the specific elements or requirements necessary to successfully plead such a constitutional violation. Defendants also do not address why or how Plaintiffs have failed to satisfy the pleading requirements for each alleged constitutional violation. (*Id.*) These issues must be addressed by Defendants before the court can make any determination as to Defendants' entitlement to qualified immunity.[1]

3. Plaintiffs' brief opposing Defendants' motion to dismiss is missing portions of text on pages three and four. (Filing 23, Pls' Br. Opp'n Defs' Mot. Dismiss, CM/ECF at p. 3-4.) Plaintiffs' first amended complaint is missing portions of text on pages three, nine and sixteen (filing 19).

IT IS ORDERED:

    A.    Defendants are given until November 2, 2009, to submit an additional brief throughly discussing the issues underlying their motion to dismiss, particularly, the issues of qualified immunity and subject matter jurisdiction. Said brief should include, but not necessarily be limited to, an analysis of the items discussed in numbered paragraphs one and two of this memorandum and order. Defendants' failure to submit an additional brief which complies with this memorandum and order may

---

[1] Together, Defendants' initial brief and reply brief only total thirteen pages (filings 21 and 28). Defendants only spent four pages in their initial brief and one paragraph in their reply brief discussing qualified immunity–the apparent primary basis for their motion to dismiss. Neither of Defendants' briefs contain a background section educating the court as to the history of the case. While the court generally appreciates concise submissions, the nature of the case (an action seeking redress under 42 U.S.C. § 3601 and 42 U.S.C. § 1983 for various constitutional violations allegedly committed by prominent government officials) and the complexity of the issues involved in this motion require more information and thoughtful legal analysis.

result in Defendants' motion to dismiss being denied; and

B.     Plaintiffs are given until December 2, 2009, to submit an additional brief responding to the issues and arguments contained in Defendants' new brief.

October 5, 2009.

>BY THE COURT:
>*Richard G. Kopf*
>United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.